**UNITED STATES of America,
Appellee,**

v.

**James DIGGS, Appellant.
No. 988, Docket 73–2793.**

United States Court of Appeals,
Second Circuit.

Argued April 18, 1974.

Decided May 8, 1974.

392

Sheila Ginsberg, New York City (William J. Gallagher, The Legal Aid Society, Federal Defender Services Unit, New York City), for appellant.

John N. Bush, Asst. U. S. Atty. (Paul J. Curran, U. S. Atty., S.D.N.Y., John D. Gordan, III, Asst. U. S. Atty., of counsel), for appellee.

Before KAUFMAN, Chief Judge, CLARK, Associate Justice,* and SMITH, Circuit Judge.

J. JOSEPH SMITH, Circuit Judge:

James Diggs, convicted and sentenced on trial to the jury in the United States District Court for the Southern District of New York, Milton Pollack, *Judge,* appeals on two grounds, admission into evidence of a statement obtained in violation of his right to counsel, and admission of evidence of earlier police observation of appellant and his alleged co-robbers. We find no error and affirm the judgment.

New York police officers observed Diggs and two companions looking into parked cars, store windows and a branch bank. One entered the bank, came out, joined the others and engaged in conversation with them for some ten or fifteen minutes across the street from the bank. One then re-entered the bank, the second stood outside and Diggs went to a taxi stand. When the apparent lookout waved, Diggs attempted to engage a cab, was unsuccessful, hurried off and was pursued and apprehended by police.

The other two robbed the bank of $700 and left the area without Diggs.

After a statement later suppressed, Diggs was given *Miranda* warnings and interrogated by police. He eventually admitted knowing the two robbers, but denied knowledge of the robbery plan. The next day he was taken to the state criminal court where he was lodged in a detention cell. There, after further *Miranda* warnings[1] by F.B.I. agents he

---

* United States Supreme Court, retired, sitting by designation.

1. Diggs claims that the *Miranda* warnings given by the F.B.I. agents were insufficient solely for the reason that he was not expressly advised he had the right to counsel during the immediate interrogation. We recently disposed of a virtually identical claim in United States v. Floyd, 496 F.2d 982 (2d Cir. 1974), there enunciating the rule which unquestionably governs in this circuit:

We have held that "words of *Miranda* do not constitute a ritualistic formula which

was asked for the names of the two robbers. His response was, "What can you do for me if I tell you who the two fellows were who went in the bank?" At this point an attorney who had been appointed for Diggs in the state court proceedings appeared and objected to questioning in his absence.

At the trial, the above statement by appellant was placed in evidence, with testimony of the observations of the officers, conflicting statements by the two robbers as to Diggs' involvement, and testimony of a New Jersey officer that he had observed Diggs with the other two often over a period of some six years.

■■ The government contends that the present objection to the use of Diggs' statement as in violation of his right to counsel was not sufficiently brought to the attention of the trial judge and so is not now available under United States v. Indiviglio, 352 F.2d 276, 278–280 (2d Cir. 1965) (en banc), cert. denied, 383 U.S. 907, 86 S.Ct. 887, 15 L.Ed.2d 663 (1966). The testimony at the suppression hearing, particularly emphasizing the outrage of counsel when

he appeared on the scene, makes any such claim dubious, however. Nor do we consider that the fact that Diggs was charged on state rather than federal charges at the time of the interrogation deprived him of his right to counsel at the federal interrogation, for here in contrast to United States v. Dority, 487 F.2d 846 (6th Cir. 1973), relied on by the government, the state and federal charges were for the same crime, the federal people knew it, and should have known of his situation as to counsel.

■ But here a finding of waiver is fully justified. Diggs had been advised of his rights at least three times, twice by the police and once by the F.B.I. agents.[2] Moreover, the content of the statement was similar to the position he had by then adopted in his statement to the police after proper warnings, and persisted in through the trial, that he knew the other two, but was not a participant in the robbery. This was not inconsistent with the statement's voluntariness. We find no error in the admission of the statement. *See* United States v. Barone, 467 F.2d 247, 249 (2d Cir. 1972).[3]

---

must be repeated without variation", but that "[w]ords which convey the substance of the warning along with the required information are sufficient." United States v. Vanterpool, 394 F.2d 697, 698–699 (2d Cir. 1968). In United States v. Lamia, [429 F.2d 373, 376 (2d Cir.), cert. denied, 400 U.S. 907, 91 S.Ct. 150, 27 L.Ed.2d 146 (1970)] . . ., defendant was told that he had the "right to an attorney" and if he was not able to afford an attorney one would be appointed by the court. On appeal Lamia contended, as Miller does here, "that this warning did not apprise him that he had the right to the 'presence' of an attorney during questioning." *Ibid.* We rejected this contention and held that the warning given adequately informed Lamia of his rights under *Miranda:*

Lamia had been told without qualification that he had the right to an attorney and that one would be appointed if he could not afford one. Viewing this statement in context, Lamia having just been informed that he did not have to make any statement to the agents . . ., [he] was effectively warned that he need not make

any statement until he had the advice of an attorney.
429 F.2d at 376–377.
United States v. Floyd, *supra* at 988–989. *But see* Sanchez v. Beto, 467 F.2d 513 (5th Cir. 1972), cert. denied, 411 U.S. 921, 93 S. Ct. 1548, 36 L.Ed.2d 314 (1973).

2. It appeared at the time of sentencing that he was no stranger to criminal proceedings, having been arrested some 21 times before.

3. We are not unmindful of the district court's decision in United States ex rel. Lopez v. Zelker, 344 F.Supp. 1050 (S.D.N.Y.), aff'd without opinion, 465 F.2d 1405 (2d Cir.), cert. denied, 409 U.S. 1049, 93 S.Ct. 529, 34 L.Ed.2d 501 (1972), our affirmance of which, of course, has no precedential value. *See*, Local Rule § 0.23 of the United States Court of Appeals for the Second Circuit; United States v. Joly, 493 F.2d 672, at 675–677 (2d Cir. March 12, 1974). In *Lopez*, Judge Frankel concluded that a waiver of right to counsel was ineffective when made without knowledge that a first degree murder indictment was outstanding. The facts of this case are clearly distinguishable from *Lopez, supra,* however, for Diggs, who had not yet been indicted, had full knowledge of the crime of which he was suspected.

The contention that admission of the New Jersey police testimony is reversible error is without merit. The evidence was admissible to show close acquaintance of Diggs with the others. It contained no direct evidence of other criminal activity, nor indeed any substantial grounds for inference of any.

Affirmed.