**UNITED STATES of America, Appellant,**

v.

**Reginald SATTERFIELD, Appellee.**

**No. 309, Docket 76–1372.**

United States Court of Appeals,
Second Circuit.

Argued Oct. 19, 1976.

Decided Dec. 7, 1976.

Rehearing and Rehearing En Banc
Denied Aug. 12, 1977.

---

Robert J. Costello, Asst. U. S. Atty., New York City (Robert B. Fiske, Jr., U. S. Atty., S. D. N. Y., Frederick T. Davis, Asst. U. S. Atty., New York City, of counsel), for appellant.

Lawrence K. Feitell, New York City, for appellee.

Before SMITH, OAKES and TIMBERS, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge:

The United States appeals, pursuant to 18 U.S.C. § 3731, from the pre-trial order suppressing post-arrest statements made by Reginald Satterfield. The United States District Court for the Southern District of New York, Whitman Knapp, *Judge,* held that the government's use of these incriminating statements at Satterfield's trial would deprive him of his sixth amendment rights. We affirm.

## I.

On April 14, 1976 a federal grand jury indicted Satterfield on four counts of violating federal narcotics laws, and about 10 a. m. on Friday, April 16, 1976 he was arrested, pursuant to a warrant, by agents of the Drug Enforcement Administration ("DEA"). After telling him that he had been indicted and advising him of his rights under *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), the agents took Satterfield to DEA headquarters, where he made a statement. He was then taken to the United States Attorney's office, where he was again advised of his "*Miranda* rights" and told he was under indictment and again made a statement. About 3 P.M. he was arraigned before the United States Magistrate, who denied his request for an appointed attorney on the grounds that he was financially ineligible. He was released on a personal recognizance bond. As he was leaving the courthouse, one of the DEA agents suggested that if he wished to continue his cooperation he should come to DEA headquarters on the following Monday. On April 19 Satterfield came to DEA headquarters, was again given *Miranda* warnings, and made a third statement.

In June Satterfield retained counsel, and on June 28, 1976 he moved to suppress the statements made on April 16 and April 19. Following a hearing, Judge Knapp granted Satterfield's motion. 417 F.Supp. 293, 303.

## II.

*Kirby v. Illinois,* 406 U.S. 682, 688, 92 S.Ct. 1877, 1881, 32 L.Ed.2d 411 (1972), indicated that the decision in *Miranda v. Arizona, supra,* "was based exclusively upon the Fifth and Fourteenth Amendment privilege against compulsory self-incrimination." The Court added that a defendant's sixth amendment right to counsel attaches "at or after the initiation of adversary judicial criminal proceedings—whether by way of formal charge, preliminary hearing, indictment, information, or arraignment." *Id.* at 689, 92 S.Ct. at 1882. Chief Justice Burger, in his concurring opinion, stated

"that the right to counsel attaches as soon as criminal charges are formally made against an accused and he becomes the subject of a 'criminal prosecution.'" *Id.* at 691, 92 S.Ct. at 1883. Satterfield's right to counsel attached when he was indicted on April 14.

We agree with Judge Knapp that the use of Satterfield's April 16 and April 19 statements at his trial would be unconstitutional, *Massiah v. United States,* 377 U.S. 201, 206, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964), unless Satterfield had waived his sixth amendment rights. On April 16 Satterfield signed a statement in the office of the Assistant United States Attorney that he understood that he had "a right to consult an attorney and to [sic] that attorney present during this interview." Judge Knapp, however, found, based on the testimony of Satterfield and three DEA agents, that the government had not met the heavy burden of showing that Satterfield had "knowingly and intelligently" waived his sixth amendment rights. *Faretta v. California,* 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), *quoting Johnson v. Zerbst,* 304 U.S. 458, 464–465, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). He paints a picture of an individual distraught, upset, weeping and obviously out of control at the initial questioning, still in great need of help at the later interview. Even if Satterfield's statements were voluntary for purposes of the fifth amendment, we agree with Judge Knapp that they were involuntary with "regard . . . [to] the higher standard with respect to waiver of the right to counsel that applies when the Sixth Amendment has attached." Judge Friendly, dissenting in *United States v. Massimo,* 432 F.2d 324, 327 (2d Cir. 1970), *cert. denied,* 400 U.S. 1022, 91 S.Ct. 586, 27 L.Ed.2d 633 (1971).

Previous decisions by this court, upon which the government heavily relies, are all distinguishable. *United States v. Lam Lek Chong,* 544 F.2d 58, 69–70 (2d Cir. 1976), and *United States v. Barone,* 467 F.2d 247 (2d Cir. 1972), both involved post-arrest statements made after the defendant had spoken to his attorney. *United States v. Diggs,* 497 F.2d 391 (2d Cir.), *cert. denied,* 419 U.S. 861, 95 S.Ct. 112, 42 L.Ed.2d 96 (1974), involved statements made before the defendant was indicted. *United States v. Hall,* 523 F.2d 665 (2d Cir. 1975), involved statements about a bank robbery made by a person in state custody for an unrelated offense. The opinion in *United States v. Reed,* 526 F.2d 740 (2d Cir. 1975), *cert. denied,* 424 U.S. 956, 47 L.Ed.2d 361 (1976), does not indicate whether the statements were made before or after the indictment. *United States v. Duvall,* 537 F.2d 15 (2d Cir.), *cert. denied,* 426 U.S. 950, 96 S.Ct. 3173, 49 L.Ed.2d 1188 (1976), involved statements made after arrest pursuant to a complaint before a magistrate but before the defendant was either indicted or arraigned and following the signing of an express waiver.

The government suggests that Judge Knapp's decision will discourage defendants from cooperating with the government. But the government can still use Satterfield's statements in its investigation of other suspects. *Massiah v. United States,* 377 U.S. at 207, 84 S.Ct. 1199. We hold only that the government cannot use Satterfield's post-indictment statements as evidence in his trial.[1]

Affirmed.

---

1. This is not a case where a defendant indicted by a federal grand jury made statements to New York police who were unaware that the defendant had been indicted. See *United States v. Hinton,* 543 F.2d 1002, 1016–1017 (2d Cir. 1976).