Dorothy BARRETT, Jean Terraciano, and Charles Samuels, Plaintiffs,

v.

SUFFOLK TRANSPORTATION SERVICES, INC., Defendant and Third-Party Plaintiff,

Board of Cooperative Educational Services, Defendant,

Commissioner of Education of State of New York, Third-Party Defendant.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,

v.

SUFFOLK TRANSPORTATION SERVICES, INC., Board of Cooperative Education Services, and the Commissioner of Education of the State of New York, Defendants.

Nos. CV 83–4307, CV 84–0471.

United States District Court, E.D. New York.

Dec. 7, 1984.

Gladstein, Reif & Meginniss, Brooklyn, N.Y., for individual plaintiffs; James Reif, New York City, of counsel.

Equal Employment Opportunity Commission, New York City, for EEOC; Robert Williams, Brunhilda Sanders, New York City, of counsel.

Ingerman, Smith, Greenberg & Gross, Northport, N.Y., for Suffolk Transp. Services, Inc.

Gregory Hammill, Mineola, N.Y., for BOCES.

Robert Abrams, Atty. Gen. of the State of N.Y., New York City, for Commissioner of Educ. of State of N.Y.

Memorandum of Decision and Order

MISHLER, District Judge.

Plaintiffs claim that defendants violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.* by terminating the employment of the individual plaintiffs (Barrett, Terraciano and Samuels and other similarly situated) as bus drivers when they reached the age of sixty-five. Federal jurisdiction is asserted under 29 U.S.C. § 626(c). Commissioner of Education of the State of New York ("State defendant") moves to consolidate these two separate actions. Prior to this motion to consolidate, the State defendant had moved to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) the respective plaintiffs' complaints in the two separate actions. The motion to dismiss was joined by the other two defendants in the CV 84–0471 action. In the CV 83–4307 action, Suffolk Transportation Services, Inc. ("Suffolk") joined this motion to dismiss to the degree it sought dismissal of plaintiffs' complaint and opposed it to the extent it sought dismissal of their third party complaint against Suffolk. Familiarity with the facts enumerated in this court's previous memorandum of decision and order denying Suffolk's motion to dismiss, *Barrett v. Suffolk Transportation Services, Inc.,* No. 83–4307 (E.D.N.Y. May 22, 1984) (unpublished decision), is assumed for purpose of this decision.

*Motion to Consolidate*

By order issued from the bench on December 6, 1984, the motion to consolidate these two separate actions (CV 83–4307, CV 84–0471) is granted and these cases are now consolidated for all purposes.

*Motion to Dismiss*

■ It is well settled that a complaint should not be dismissed "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80. The defendants premise their motion to dismiss on five grounds: (1) EEOC lacks jurisdiction to bring this action and as a result, the individual plaintiffs have failed to exhaust their administrative remedies; (2) EEOC has not fulfilled the conciliation requirement under the ADEA; (3) the Second Circuit's summary affirmance in *Maki v. Commissioner of Education,* 568 F.Supp. 252 (N.D.N.Y.1983), *aff'd without published opinion,* 742 F.2d 1437 (1984), is binding precedent on this court; (4) the State defendant was improperly served; and (5) sovereign immunity of the Eleventh Amendment bars any suit against the State defendant.

1. *Jurisdiction*

■ Although EEOC's jurisdiction was cast in doubt by the landmark decision of the Supreme Court in *Immigration and Naturalization Service v. Chadha,* 462 U.S. 919, 103 S.Ct. 2764, 77 L.Ed.2d 317 (1983), and by the Second Circuit's decision in *EEOC v. CBS, Inc.,* 743 F.2d 969 (1984), the recent federal law enacted on October 19, 1984 removes any questions posed by *Chadha* and its progeny regarding the EEOC's jurisdictional authority. Pub.L. No. 98–532. Thus, this issue raised by the defendants is mooted by the new federal law.

2. *Conciliation Requirement*

■ Pursuant to 29 U.S.C. § 626(b), the EEOC is required to "attempt to eliminate the discriminatory practice or prac-

tices alleged, and to effect voluntary compliance with the requirements of [the ADEA] through informal methods of conciliation, conference and persuasion." The EEOC must "use exhaustive, affirmative action to attempt to achieve conciliation before legal action is begun." *Brennan v. Ace Hardware Corp.*, 495 F.2d 368, 374 (8th Cir.1974); *see Marshall v. Arlene Knitwear Corp.*, 454 F.Supp. 715, 721–23 (E.D.N.Y.1978), *aff'd in part, rev'd in part on other grounds and remanded without published opinion*, 608 F.2d 1369 (2d Cir. 1979). The EEOC sent letters to Suffolk and BOCES notifying them that it was interested in resolving the possible violation of the ADEA and followed these letters up with telephone conversation. The defendants' responses were that unless New York law changed, it would not change its practice of terminating the employees in question. Based upon the pleadings, the court cannot conclude as a matter of law that EEOC did not comply with the ADEA's conciliation requirement.

### 3. *The Maki Decision*

This court has already ruled in its previous memorandum of decision and order dated May 22, 1984 that *"Maki's* summary affirmance [by the Second Circuit] has no precedential value for this court." *Barrett v. Suffolk Transportation, Inc., supra*, slip op. at 4. Thus, this argument lends little support to defendants' motions to dismiss.

### 4. *Defective Service of Process*

The State defendant raises a hypertechnical issue of service as to whether it should have been served pursuant to Fed. R.Civ.P. 4(d)(6) instead of pursuant to Fed. R.Civ.P. 4(c)(2)(C) and alternatively, whether service was defective under Rule 4(c) because only one copy of plaintiffs' complaint was mailed to the defendant, instead of two. Since this issue was also raised regarding the service of Suffolk's third party complaint upon the state defendant, but was subsequently resolved through personal service of the third party complaint upon the State defendant, we similarly direct that the plaintiffs personally serve their complaints upon State defendants within ten (10) days of this memorandum of decision and order being filed with the Clerk of the Court. Therefore, without deciding whether service was in fact defective, any question regarding the court's personal jurisdiction will thereby be eliminated.

### 5. *Sovereign Immunity*

The State defendant argues that plaintiffs' claims are barred by the Eleventh Amendment's doctrine of sovereign immunity. Eleventh Amendment immunity, however, may be abrogated where Congress indicates an "unequivocal expression of congressional intent" to do so and it authorizes such suits pursuant to section five of the Fourteenth Amendment. *Pennhurst State School & Hosp. v. Halderman*, —— U.S. ——, 104 S.Ct. 900, 907, 79 L.Ed.2d 67 (1984); *Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976). Thus, two questions arise in this case: (1) was the ADEA enacted pursuant to section five of the Fourteenth Amendment and (2) if so, did Congress intend that the ADEA abrogate the Eleventh Amendment sovereign immunity?

Although the Supreme Court has recently declined to rule on the first issue, *see EEOC v. Wyoming*, 460 U.S. 226, 243, 103 S.Ct. 1054, 1064 & n. 18, 75 L.Ed.2d 18 (1983) (because the Court found that ADEA was a "valid exercise of Congress's powers under the Commerce Clause," it did not reach the issue whether the ADEA could also have been validly enacted pursuant to section five of the Fourteenth Amendment), the majority of courts which considered this issue prior to the Supreme Court's decision have ruled that the 1974 amendments to the ADEA (extending its reach to encompass employees of state and local governments) was enacted pursuant

to the Fourteenth Amendment. *See, e.g., U.S.E.E.O.C. v. County of Calumet,* 686 F.2d 1249 (7th Cir.1982); *Arritt v. Grisell,* 567 F.2d 1267, 1270–71 (4th Cir.1977); *EEOC v. County of Los Angeles,* 526 F.Supp. 1135, 1137–38 (C.D.Cal.1981), *aff'd,* 706 F.2d 1039 (9th Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 984, 79 L.Ed.2d 220 (1984); *but see Farkas v. New York State Dep't of Health,* 554 F.Supp. 24 (N.D.N.Y. 1982) (decided prior to the Supreme Court's decision in *EEOC v. Wyoming, supra,* the court held that the commerce clause was the exclusive basis upon which the ADEA was enacted). One case which did consider this issue following the Supreme Court's decision in *EEOC v. Wyoming, supra,* was *Ramirez v. Puerto Rico Fire Service,* 715 F.2d 694 (1st Cir.1983). The First Circuit in that decision held that the ADEA was enacted pursuant to section five of the Fourteenth Amendment. *Id.* at 700. Furthermore, the *Ramirez* Court found that "Congress evinced sufficient intent to abrogate the immunity conferred by the Eleventh Amendment," *id.,* and reversed the district court's ruling dismissing plaintiff's claims under the ADEA for monetary damages and injunctive relief. *Id.* We find the First Circuit's conclusion and underlying reasoning persuasive and therefore reject the State defendant's argument that plaintiffs' suits are barred by sovereign immunity.

### Conclusion

State defendant's motion to consolidate CV 83–4307 and CV 84–0471 is granted for all purposes; defendants' motions to dismiss are denied in all respects; plaintiffs are directed to personally serve the State defendant with copies of their complaint within ten (10) days of the filing of this memorandum of decision and order; State defendant is directed to answer said complaints within ten (10) days of receipt thereof; this matter is set down for trial on April 9, 1985, and it is

SO ORDERED.