EQUAL EMPLOYMENT OPPORTUNI-
TY COMMISSION, Plaintiff,

v.

KDM SCHOOL BUS COMPANY, City
School District of the City of New Ro-
chelle, City of New Rochelle, New York
State Education Department, Commis-
sioner of Education of the State of New
York, Defendants.

No. 84 Civ. 3861 (EW).

United States District Court,
S.D. New York.

July 5, 1985.

E.E.O.C., New York District Office, New York City (Robert L. Williams, Regional Atty., Bert A. Bunyan, Supervisory Trial Atty., Brunhilda Sanders, Senior Trial Atty., New York City, of counsel), for plaintiff.

Robert Abrams, Atty. Gen., State of New York., New York City (Douglas D. Aronin, Asst. Atty Gen., New York City, of counsel), for defendants New York State Educ. Dept. and Commissioner of Educ. of State of N.Y.

Kaye, Scholer, Fierman, Hays & Handler, New York City (Peter A. Walker, Steven M. Martin, New York City, of counsel), for defendant City School Dist. of City of New Rochelle.

## OPINION

EDWARD WEINFELD, District Judge.

Plaintiff, the Equal Employment Opportunity Commission ("EEOC"), brings this action claiming that a regulation promulgated by the Commissioner of Education of the State of New York which requires school bus drivers to retire at the age of sixty-five[1] violates the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* (1982) ("ADEA"). The EEOC, on behalf of Henry J. Stevens, a discharged bus driver, and others similarly situated, seeks a permanent injunction enjoining the enforcement of the regulation, reinstatement,

---

1. 8 N.Y.C.R.R. § 156.3(b) (1982) provides:
 (b) *Age.* All drivers of school transportation conveyances shall be at least 21 years of age, but not in excess of 65 years of age.

back pay, and other monetary damages against all defendants, including the New York State Education Department and the Commissioner of Education of the State of New York (hereinafter the "State defendants").

The individuals on whose behalf plaintiff seeks relief are school bus drivers formerly employed by defendant KDM School Bus Company ("KDM"). KDM contracts with the defendant City School District of the City of New Rochelle ("School District") to provide bus service to and from educational and extracurricular activities for New Rochelle students ranging in age from five to twenty-one. The School District includes in its contract with KDM a requirement that KDM comply with the regulations of the Commissioner of Education, one of which—mandatory retirement at age sixty-five—the EEOC challenges here.

The State defendants move, pursuant to Rule 12(b), Fed.R.Civ.P., to dismiss the complaint. In support of the motion, they place principal reliance upon a decision of the Northern District of New York, *Maki v. Commissioner of Education of the State of New York*,[2] which was affirmed by our Court of Appeals in an unpublished opinion. *Maki* held, after a trial upon the merits, that the age restriction contained in the same regulation challenged here is a "bona fide occupational qualification" for school bus drivers and therefore permissible under the ADEA.[3] In addition, the State defendants seek dismissal on grounds

that plaintiff's claims for back pay and money damages are barred by the doctrine of sovereign immunity.[4]

Defendant School District also moves to dismiss the complaint, joining the State defendants in arguing that the issue before this Court has already been decided by *Maki* and, in addition, contending that the School District is not an employer within the meaning of the ADEA, and that the EEOC has failed to satisfy its statutory obligation to conciliate its claim against the School District prior to the institution of litigation.

## DISCUSSION

### The State defendants' Motion

 The State defendants urge the Court to accept the same arguments which they unsuccessfully advanced in *Barrett v. Suffolk Transportation Services, Inc.*[5] (decided after argument of this motion), where, as here, the EEOC is challenging the termination of school bus drivers at age sixty-five. In view of *Barrett*, it is sufficient simply to state this Court's conclusions, which are in accord with those of Judge Mishler, that dismissal of plaintiff's complaint is neither warranted by the *Maki* decision nor by the doctrine of sovereign immunity. The unpublished affirmance by our Court of Appeals in *Maki*, having no precedential effect, does not bind this Court;[6] and, in the absence of any evidence as to the effect upon safety, this Court may not assume that an age limita-

---

**2.** 568 F.Supp. 252 (N.D.N.Y.1983), *aff'd without opinion*, 742 F.2d 1437 (2d Cir.1984).

**3.** Under the ADEA, it is unlawful for an employer to discriminate against any employee or potential employee on the basis of age, except "where age is a bona fide occupational qualification reasonably necessary to the normal operation of the particular business." 29 U.S.C. § 623(f)(1) (1982).

**4.** The State defendants' claim that the EEOC lacks authority to enforce the ADEA, *see E.E. O.C. v. CBS, Inc.*, 743 F.2d 969 (2d Cir.1984), has been rendered moot by the subsequent ratification by Congress of legislation authorizing the EEOC's jurisdiction. Pub.L. No. 98–532 (1984). So, too, their claim of improper service

is unavailing, any alleged defect having been subsequently cured.

**5.** 600 F.Supp. 81 (E.D.N.Y.1984).

**6.** *See* Rules of the United States Court of Appeals for the Second Circuit § 0.23; *U.S. v. Joly*, 493 F.2d 672, 676 (2d Cir.1974) (The "clear intent" of Rule 0.23 is that the decisions shall "have no effect as stare decisis;" their use "as a precedent is inconsistent with the assumption upon which the affirmance was rendered"); *AAACON Auto Transport, Inc. v. State Farm Mutual Auto Ins. Co.*, 537 F.2d 648, 658 (2d Cir. 1976), *cert. denied*, 429 U.S. 1042, 97 S.Ct. 742, 50 L.Ed.2d 754 (1977); *U.S. v. Diggs*, 497 F.2d 391, 393 n. 3 (2d Cir.), *cert. denied*, 419 U.S. 861, 95 S.Ct. 112, 42 L.Ed.2d 96 (1974).

tion of sixty-five for school bus drivers is per se a bona fide occupational qualification.[7] Further, the Court is of the view that Congress, in extending the ADEA to the States, acted pursuant to Section Five of the Fourteenth Amendment and intended to abrogate the immunity conferred upon them under the Eleventh Amendment.[8]

 A final disposition of the State defendants' motion requires only brief discussion of an argument relied upon here, but apparently not raised in *Barrett.* The State defendants contend that the EEOC had the right to intervene and join with the *Maki* plaintiff and therefore it should be collaterally estopped from litigating the question whether the Commissioner's regulation constitutes a bona fide occupational qualification. The EEOC was not a party to the *Maki* action. To accept the State defendants' argument would, in effect, require the EEOC to intervene and become a party in every individual action or risk potentially preclusive factual determinations, placing an enormous burden upon a federal agency which has limited resources and is charged with the protection of the public interest. As the Supreme Court has recently cautioned, "courts should be careful when they seek to apply expanding rules of collateral estoppel to government litigation."[9] The Court declines to extend to the EEOC the State defendants' novel theory of estoppel by failure to intervene.

Accordingly, the State defendants' motion to dismiss is denied.

### The School District's Motion

The School District contends that the complaint should be dismissed against it because it does not directly employ the bus drivers on whose behalf the EEOC brings

this action and, therefore, is not an "employer" within the meaning of the ADEA. The School District further relies upon the fact that it does not own or operate any of the buses used to transport students to or from its various schools; that all bus service is subcontracted to independent contractors such as defendant KDM School Bus Company; and that the School District has no direct involvement with the employer/employee relationship between the independent contractor bus companies and their bus drivers. In response, the EEOC emphasizes that the School District requires KDM under its contract for bus services to comply with the very regulation the EEOC is challenging as violative of the ADEA; in other words, that pursuant to its contract, KDM must terminate bus drivers at age sixty-five.

 There can be no doubt that the School District could be an employer within the meaning of the statute: the ADEA expressly defines the term "employer" to include "a State or political subdivision of a State and any agency or instrumentality of a State or a political subdivision of a State ..."[10] However, the School District argues that it may not be held responsible for the termination of school bus drivers when there is no direct employment relationship between it and the employees of its independent contractors. The lack of a direct relationship does not insulate the School District from liability. Statutory employers "who are neither actual nor potential direct employers of particular complainants, but who control access to such employment and who deny such access by reference to invidious criteria," may be

---

**7.** *See Johnson v. Mayor & City Council of Baltimore,* —— U.S. ——, 105 S.Ct. 2717, 86 L.Ed.2d 286 (1985); *Ramirez v. Puerto Rico Fire Services,* 757 F.2d 1357, 1358 (1st Cir.1985).

**8.** *Ramirez v. Puerto Rico Fire Service,* 715 F.2d 694, 697–701 (1st Cir.1983); *see id.* at 699 (citing cases); *U.S.E.E.O.C. v. County of Calumet,* 686 F.2d 1249, 1251–53 (7th Cir.1982); *E.E.O.C. v. Elrod,* 674 F.2d 601, 608 (7th Cir.1982); *Arritt v.*

*Grisell,* 567 F.2d 1267, 1271 (4th Cir.1977); *see also E.E.O.C. v. Wyoming,* 460 U.S. 226, 243 n. 18, 103 S.Ct. 1054, 1064 n. 18, 75 L.Ed.2d 18 (1983); *Fitzpatrick v. Bitzer,* 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976).

**9.** *United States v. Mendoza,* 464 U.S. 154, 104 S.Ct. 568, 573, 78 L.Ed.2d 379 (1984).

**10.** 29 U.S.C. § 630(b) (1982).

held liable for violations of the ADEA.[11] There is no dispute that the bus drivers are directly employed by the companies with which the School District contracts for bus services. The initial responsibility for the bus transportation of children between the ages five to twenty-one is that of the School District. However, it has delegated this responsibility to the defendant KDM School Bus Company, under a contract which requires the bus company to comply with the State regulation which plaintiff contends is in violation of ADEA.[12] Assuming that the regulation in fact violates the ADEA, the School District may be held liable for interfering with the bus drivers' employment opportunities based upon impermissible age-related criteria. To hold otherwise would be to condone indirect exploitation of age-based factors which would be impermissible if applied to persons directly employed by the School District.[13]

■ Finally, the School District urges dismissal of the complaint on grounds that the EEOC has failed to satisfy its obligation pursuant to Section 7(b) of the ADEA to "attempt to ... effect voluntary compliance ... through informal methods of conciliation, conference, and persuasion." [14] Defendant contends that the EEOC's prelitigation efforts to resolve the claimed violation of the Act by negotiation and conciliation were "cavalier" at best.

Plaintiff's complaint alleges that "[p]rior to instituting this action, representatives of the Commission attempted to eliminate the unlawful employment practices alleged ... and to effect voluntary compliance with the requirements of the ADEA through informal methods of conciliation, conference and persuasion." Upon a motion to dismiss, the Court must assume the truth of the matters so alleged and accordingly, based upon the complaint, it cannot be said that under no set of facts could plaintiff establish that it had met its obligations to conciliate under the ADEA.[15]

Even if the Court were to consider the affidavits of counsel submitted by the defendant and treat its motion as one for summary judgment, the result would be the same. While counsel characterizes the EEOC's efforts as "cavalier," he concedes that the EEOC informed the School District, by letter, of its decision and the basis for finding a violation; and that, after a telephone conversation with counsel for the School District, the EEOC sent a further letter detailing the claimed violation, suggesting means by which the School District could administratively resolve the matter, and requesting that the School District formulate a response. That response emphatically denied any liability on the part of the School District, and the School District's

11. *Sibley Memorial Hosp. v. Wilson,* 488 F.2d 1338, 1342 (D.C.Cir.1973) (footnote omitted); *see Gomez v. Alexian Bros. Hosp.,* 698 F.2d 1019 (9th Cir.1983); *Amarnare v. Merrill Lynch, Pierce, Fenner & Smith,* 611 F.Supp. 344 (S.D.N.Y.1984); *Pao v. Holy Redeemer Hosp.,* 547 F.Supp. 484 (E.D.Pa.1982); *Vanguard Justice Soc'y, Inc. v. Hughes,* 471 F.Supp. 670 (D.Md. 1979); *Gill v. Monroe County Dep't of Social Services,* 79 F.R.D. 316 (W.D.N.Y.1978); *Curran v. Portland Superintending School Committee,* 435 F.Supp. 1063 (D.Me.1977); *Puntolillo v. New Hampshire Racing Commission,* 375 F.Supp. 1089 (D.N.H.1974); *see also Beverley v. Douglas,* 591 F.Supp. 1321, 1327–28 (S.D.N.Y.1984).

The Court notes that, while the cases cited above all arise under Title VII, 42 U.S.C. Sec. 2000e *et seq.* (1982), the relevant statutory language is nearly identical, reflecting the origin of the ADEA's substantive provisions in Title VII. *Lorillard v. Pons,* 434 U.S. 575, 584

(1978). Courts have repeatedly relied upon Title VII precedent in interpreting the scope of the ADEA. *See, e.g., EEOC v. Zippo Manuf. Co.,* 713 F.2d 32, 38 (3d Cir.1983).

12. The Commissioner's regulations expressly provide that "[a]pproval for employment of a school bus driver shall be in writing on a form prescribed by the Commissioner of Education. A school bus driver shall mean any person who drives a school bus which is owned, leased or *contracted for* by a public school district for the purpose of transporting pupils." 8 N.Y.C.R.R. § 156.3(a) (1982) (emphasis added).

13. *Sibley,* 488 F.2d at 1342.

14. 29 U.S.C. § 626(b) (1982).

15. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Goldman v. Belden,* 754 F.2d 1059, 1065–66 (2d Cir.1985).

only offer of "conciliation" was a request that plaintiff reverse its decision.

 To evaluate whether the EEOC has adequately fulfilled the conciliation requirement, "the fundamental question is the reasonableness and responsiveness of the EEOC's conduct under all the circumstances."[16] The circumstances of this case do not warrant a finding that plaintiff's efforts were insufficient as a matter of law to satisfy its obligations to conciliate. It may be conceded that the EEOC's letter was not a model of a conciliatory approach and was somewhat peremptory. However, this is not a case where a private employer's conduct toward individual employees is at issue; rather, it is a case where a State regulation which requires the defendants' compliance is being challenged. The regulation was imposed by higher authority upon the School District. The mandatory aspect of the challenged employment practice does not admit to the type of conciliation possible in other cases. This is reflected in the School District's response to the EEOC's suggested means of compliance: a request for reversal. Such a response, in view of the nature of the claimed employment practice, serves to justify what in other situations might be found inadequate efforts to conciliate. Upon the record before the Court, the EEOC's letters outlining the basis for its allegations of a violation of the ADEA and suggesting means of compliance, in view of the nature of the claim and the School District's response, are sufficient to withstand a motion for summary judgment.[17]

Accordingly, the School District's motion is denied.

So ordered.

---

16. *EEOC v. Klinger Elec. Corp.,* 636 F.2d 104, 107 (5th Cir.1981); *see Marshall v. Sun Oil Co.* (Delaware), 605 F.2d 1331, 1335–36 (5th Cir. 1979); *EEOC v. Colgate-Palmolive,* 34 FEP Cas. 1551, 1555 (S.D.N.Y.1983).

17. The E.E.O.C.'s duty to attempt conciliation is fulfilled if it 1) outlines to the employer the reasonable cause for its belief that the employer is in violation of the Act, 2) offers an opportunity for voluntary compliance, and 3) responds in a reasonable and flexible manner to the reasonable attitude of the employer. *EEOC v. Colgate-Palmolive Co.,* 34 FEP Cas. 1551, 1555 (S.D.N.Y.1983); *see EEOC v. Klinger Elec. Corp.,* 636 F.2d 104, 107 (5th Cir.1981); *Marshall v. Sun Oil Co.* (Delaware), 605 F.2d 1331, 1335–36 (5th Cir.1979).