HORSEHEAD RESOURCE DEVELOP-MENT COMPANY, INC., Plaintiff,

v.

B.U.S. ENVIRONMENTAL SERVICES, INC., B.U.S. Berzelius Umwelt–Service AG, Lobbert Holding GmbH, Rolf Kola, Jurgen Tietz and Guenter Okon, Defendants.

No. 95 Civ. 5802 (SAS).

United States District Court, S.D. New York.

May 21, 1996.

Andrew J. Levander, Shereff, Friedman, Hoffman & Goodman, New York City, for Horsehead Resource Development Company, Inc.

James D. Herschlein, Kaye, Scholer, Fierman, Hays & Handler, New York City, for B.U.S. Environmental Services, Inc., B.U.S. Berzelius Umwelt–Service AG, Lobbert Holding GmbH, Rolf Kola, Guenter Okon.

Richard E. Bierman, Kaye, Scholer Fierman Hays & Handler, New York City, for Jurgen Tietz.

## MEMORANDUM OPINION AND ORDER

SCHEINDLIN, District Judge.

Plaintiff, Horsehead Resource Development Company, Inc. ("Horsehead") has moved for reargument of this Court's Opinion and Order of February 20, 1996, 916 F.Supp. 305 ("Opinion") pursuant to Local Rule 3(j). Specifically, Plaintiff asks the Court to reconsider its decision to dismiss the portion of Plaintiff's complaint asserting a violation of 15 U.S.C. § 78m(d) based on Defendants' failure to disclose in their Schedule 13D Lobbert Holding's majority ownership in B.U.S. Berzelius Umwelt–Service AG ("BUS AG"). *See* Opinion, 916 F.Supp. at 311. Familiarity with the Opinion is assumed. For the reasons stated herein, the motion is granted. Section III.A. of the Opinion is vacated accordingly.

In addition, Defendants have submitted supplementary evidence in an effort to comply with the Court's directive to either report that certain criminal environmental lawsuits are continuing or "present incontrovertible evidence" that they have been closed without convictions. Because I am satisfied that Defendants have now presented such "incontrovertible evidence," the relevant portion of Plaintiff's complaint is dismissed.

### I. *Facts*

Horsehead brought this suit to compel Defendants to "make the full and complete disclosure" in their Schedule 13D filing as required by § 13(d) of the Securities Exchange Act of 1934. After amending their Schedule 13D in response to the suit, Defendants moved to dismiss the complaint as moot pursuant to Fed.R.Civ.P. 12(b)(6). When Horsehead claimed that the amendment failed to "cure" the Schedule 13D's deficiencies, Defendants filed two additional amendments in a further effort to moot the action.

In its response to the motion to dismiss, Horsehead claimed that the three Schedule 13D amendments did not "cure" the alleged deficiencies for several reasons. Paramount among these was their alleged failure to dis-

close that Defendant Lobbert Holding held a controlling interest in BUS AG.[1]

On February 20, 1996, the Court issued an Order granting in part and denying in part the Defendants' two motions to dismiss. In particular, the Court held that "[b]ased on an analysis of the Amendments and the affidavits, it appears Defendants' disclosures sufficiently satisfy the requirements of § 13(d)." In reaching this holding, I refused to credit a chart submitted by Plaintiff which was allegedly prepared by an unidentified "leading German investment bank" ("Chart"). Opinion, 916 F.Supp. at 310. The Chart represented that the Lobbert family controlled 52.01% of the combined common and preferred stock of BUS AG as of July 1, 1995, well in excess of the proportion disclosed in one of the amendments. I also declined to consider a statement allegedly made by Dieter Lobbert to the effect that the Lobbert Family controlled 52% of the total BUS AG vote ("Admission"). Plaintiff now argues that the Court erroneously dismissed this claim by failing to give proper consideration to the Chart and the Admission.

## II. Standard of Review

■ The standards for deciding motions for reargument and motions for reconsideration are the same. *In re New York Asbestos Litigation*, 847 F.Supp. 1086, 1141 (S.D.N.Y. 1994), *aff'd in part, vacated in part on other grounds sub nom.*, *Consorti v. Armstrong World Indus., Inc.*, 72 F.3d 1003 (2d Cir. 1995); *Monaghan v. SZS 33 Assocs., L.P.*, 153 F.R.D. 60, 65 (S.D.N.Y.1994). A court should grant the motion "only if the moving party presents [factual] matters or controlling decisions the court overlooked that might materially have influenced its earlier decision." *Morser v. AT & T Information Systems*, 715 F.Supp. 516, 517 (S.D.N.Y. 1989); *see also Violette v. Armonk Assocs., L.P.*, 823 F.Supp. 224, 226 (S.D.N.Y.1993). Moreover, a motion for reconsideration may not be used to plug gaps in an original argument (*see McMahan & Co. v. Donald-son, Lufkin & Jenrette Securities Corp.*, 727 F.Supp. 833, 833–34 (S.D.N.Y.1989)) or "to argue in the alternative once a decision has been made" (*see United States v. Reyes*, 91–CR–56S, 1993 WL 8775, at *1 (W.D.N.Y. Jan. 13, 1993)).

## III. The Majority Shareholder Issue

### A. The Admissibility of the Chart

■ I originally declined to give any weight to the Chart submitted by Plaintiff because there was no representation regarding the source of the information. No evidence was offered as to who prepared the Chart, how the data were collected, and how the ultimate conclusion was reached. In short, Plaintiff only stated that the Chart was prepared by a "leading German investment bank." Because this missing information precluded the admission of the Chart, it was not sufficient to create a material issue of fact.

The facts surrounding the Chart have now been revealed. According to the Affidavit of William E. Flaherty, Chairman of the Board of Horsehead, dated March 6, 1996 ("Flaherty Aff."), the Chart was prepared by Dresdner Securities (USA) Inc., a unit of Dresdner Bank AG ("Dresdner"), in connection with Dresdner's efforts to find a purchaser for the Lobbert Family's interest in BUS AG. Flaherty Aff. at ¶ 2. Specifically, the Dresdner solicitation points out that "Lobbert Holding GmbH controls approximately 52% of [BUS AG]," and "[a]cquiring 52% [of BUS AG] assures voting control . . ." *Id.* Ex. A at 1, 2.

In addition, Dresdner appears to be an informed and authoritative source for information concerning the stock ownership of BUS AG. Dresdner is a 13% shareholder in Metallgesellschaft AG ("MG"), the former majority shareholder of BUS AG from which the Lobbert Family purchased its stock. *Id.* ¶ 3. At times during 1992–93, the Chairman of Dresdner served as Chairman of MG's

---

**1.** On this issue, the complaint alleged that the Lobbert Family is the beneficial owner of 67.6% of the common stock of BUS AG and the beneficial owner of 52% of the shares of the combined common and preferred stock of BUS AG, which together make up the firm's voting stock. In comparison, the various amendments admit that Lobbert Holding owns at least 52% of the common stock of BUS AG, but only 40% of its voting stock.

Supervisory Board. Furthermore, Dresdner was one of two lead bank lenders to MG responsible for coordinating and implementing MG's "massive financial restructuring" in 1994–95. This included the sale and/or divestment of many of MG's assets—including the sale of BUS AG. *Id.* ¶ 4.

This additional information demonstrates that the Chart would be admissible at trial. Had this information been proffered by Horsehead in opposition to Defendants' motion, it may have been sufficient to raise a genuine issue of material fact. The issue that arises, then, is whether this new information is timely.

Defendants argue that this new information was not before the Court when the motion was originally decided, barring the Court from considering it on a motion for reargument. *See Randell v. United States,* 64 F.3d 101, 109 (2d Cir.1995) (a party "may not advance new facts, issues or arguments not previously presented to the court") (citation omitted).

The actual evidence at issue here—the Chart itself—was indisputably before the Court when the two motions to dismiss were decided. Only the information regarding the source of the information in the Chart is new. This background information, however, should have been before the Court on the original motion, or a detailed explanation given as to why it was withheld. Neither was provided. Thus, reconsideration on this ground is denied.

### B. *The Admission*

Although the Admission was explicitly considered in the Opinion, *see* Opinion, 916 F.Supp. at 310 ("The Complaint ... alleges

that Dieter Lobbert admitted the Lobbert Family's 52% control of BUS AG to Horsehead on or about May 2, 1995"), Plaintiff's motion for reconsideration is granted on the ground that the Court utilized the wrong standard in dismissing that portion of the Complaint.

While under certain circumstances the Court is entitled to make factual determinations in ruling on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1), "when a factual assault of this kind is made via affidavits and exhibits, the District Court should consider it under the summary judgment standard." *Equal Employment Opportunity Comm'n v. The New Cherokee Corp.,* 829 F.Supp. 73, 77 (S.D.N.Y.1993). Moreover, where the mootness issue is inextricably intertwined with the merits, deferral of the jurisdictional issues until the summary judgment stage is appropriate. *See Streeter v. Joint Industry Board of the Electrical Industry,* 767 F.Supp. 520, 525 (S.D.N.Y.1991) (citing *Timberlane Lumber Co. v. Bank of America,* 749 F.2d 1378, 1382 (9th Cir.1984) ("motion pursuant to Fed.R.Civ.P. 12(b)(1) must be deferred until summary judgment stage where jurisdictional issue is 'intermeshed' with substantive issues")). *See also Lawrence v. Dunbar,* 919 F.2d 1525, 1529–30 (11th Cir.1990) (reversing dismissal for lack of subject matter jurisdiction given district court's failure to apply summary judgment standard where jurisdictional basis of claim was intertwined with merits). The admission raises a material issue of fact which should be deferred until the summary judgment stage or the trial. At that time, of course, the evidence presented through the Chart must also be considered. Thus, the motion is granted.[2]

---

2. I still have serious reservations as to whether Plaintiff has adequately pled a cause of action. The Complaint alleges that "on or about May 2, 1995, Dieter Lobbert admitted to [Horsehead] that Lobbert controlled 52% of BUS AG." Complaint ¶ 18. The term "Lobbert" is previously defined as Dieter and Johannes Lobbert and companies under their control. Complaint ¶ 5. Thus, the Admission is a statement by Dieter Lobbert ("Dieter") that the Lobbert *Family*—not Lobbert *Holding*—controls 52% of BUS AG. *See, e.g.,* Plaintiff's Memorandum of Law in Opposition to Lobbert Holding's Motion to Dismiss at 13 ("The Complaint further alleges that Dieter Lobbert admitted the Lobbert *Family's* 52% con-

trol of BUS AG") (emphasis added); Flaherty Aff. ¶ 6 ("As stated in the Complaint, on May 2, 1995, Dieter Lobbert [personally stated] that the Lobbert *Family* controlled 52% of the total BUS AG vote") (emphasis added). Therefore, the Admission—specifically, that Dieter and his family control 52% of BUS AG stock—does not necessarily contradict the Schedule 13D's disclosure that Lobbert Holding owns 40% of BUS AG stock. *But see Arvin Indus. v. Wanandi,* '722 F.Supp. 532, 538 (S.D.Ind.1989) (holding that § 13(d)'s disclosure requirements "must be read together with S.E.C. Rule 12b–20, which requires disclosure of 'such further material infor-

## IV. The Environmental Law Violations

In its response to the motion to dismiss, Horsehead also claimed that the three Schedule 13D amendments did not "cure" the Defendants' alleged failure to disclose that Defendant Lobbert Holding had recently violated a number of German environmental regulations and/or laws.

In the Opinion, I held that Defendants are obliged to disclose the existence of any and all *ongoing* criminal cases related to environmental violations. *See* Opinion, 916 F.Supp. at 313. Because the evidence presented on the motion did not reveal whether certain identified criminal cases against Lobbert Holding and the Lobbert Family had been closed, I directed the Defendants to "either report that such criminal environmental lawsuits are continuing ... or present incontrovertible evidence that they have, in fact, been closed without convictions." *Id.*

Pursuant to that Order, Defendants have now submitted the necessary incontrovertible evidence that the criminal cases were closed and that neither Lobbert Holding nor the Lobbert Family was convicted of any environmental violations. Accordingly, the portion of Plaintiff's complaint alleging that Defendants' filings failed to disclose that Lobbert Holding had been the subject of regulatory investigations in Germany relating to serious environmental matters, "repeatedly result[ing] in the finding of violations of environmental laws and/or regulations in the recent past," is dismissed.

## V. Conclusion

Plaintiff's second claim for relief sought to impose liability on the non-BUS Defendants as "controlling persons" under § 20(a) of the Exchange Act. As I stated in the Opinion, "liability can arise [under § 20(a)] only if a primary violation of the securities laws by the controlled entity has been established." Opinion, 916 F.Supp. at 313. Because the motion for reconsideration has now been granted with respect to the Schedule 13D disclosure concerning Lobbert Holding's al-

leged controlling interest in BUS AG, this count survives as well.

An initial conference is scheduled in this case for June 12, 1996 at 4:30.

SO ORDERED.

---

mation' as is necessary to make the statements required by other rules not misleading in light of the circumstances").