The METROPOLITAN ENTERTAIN-
MENT CO., INC., Plaintiff/Coun-
terclaimed Defendant,

v.

James KOPLIK and Koplik, Inc.,
Defendants/Counterclaimants,

v.

John SCHER and Ogden Entertainment,
Inc., Counterclaimed Defendants.

No. 3:98CV0280 (GLG).

United States District Court,
D. Connecticut.

Nov. 17, 1998.

A. Robert Fischer, Conrad S. Kee, Jackson, Lewis, Schnitzler & Krupman, Stamford, CT, for plaintiff and counterclaimed defendant, John Scher.

Jeffrey J. Mirman, Scott A. Bennett, Levy & Droney, P.C., Farmington, CT, for defendants.

### MEMORANDUM DECISION

GOETTEL, District Judge.

Plaintiff and Counterclaimed Defendant, The Metropolitan Entertainment Company, Inc. ("Metropolitan") and Counterclaimed Defendants John Scher ("Scher"), and Ogden Entertainment, Inc., ("Ogden") (collectively "Movants") move this Court for reconsideration of that portion of its September 16, 1998 Opinion that denied their motion to stay Counts Six (Common–Law Fraud against Scher), Seven (Breach of Fiduciary Duty against Scher), and Nine (Breach of Contract against Metropolitan) of the Counterclaim pending arbitration. For the reasons set forth below, their Motion for Reconsideration is GRANTED and, upon reconsideration, the

Court ADHERES to its ruling denying the Motion to Stay as to Counts Six, Seven, and Nine.

■ In general, three grounds justify granting a motion for reconsideration: (1) an intervening change in controlling law; (2) the availability of newly discovered evidence; and (3) the need to correct clear error or prevent manifest injustice. *Virgin Atlantic Airways, Ltd. v. National Mediation Board,* 956 F.2d 1245, 1255 (2d Cir.), *cert. denied,* 506 U.S. 820, 113 S.Ct. 67, 121 L.Ed.2d 34 (1992). The standard for granting a motion for reconsideration is strict in order to dissuade repetitive arguments on issues that have already been considered fully by the Court. *Shrader v. CSX Transportation, Inc.,* 70 F.3d 255, 257 (2d Cir.1995). A motion for reconsideration should not serve as a vehicle for relitigating issues already decided. *Shrader,* 70 F.3d at 257; *Dodge v. Susquehanna Univ.,* 796 F.Supp. 829, 830 (M.D.Pa.1992).

Movants do not cite to any change in controlling law or submit any newly discovered evidence. Thus, reconsideration is appropriate only if they can point to clear error or the need to prevent manifest injustice.

Movants assert that reconsideration is warranted because this Court misapprehended that there were two distinct shareholders' agreements underlying the instant federal court action and the arbitration. This argument comes as somewhat of a surprise, since nowhere in the voluminous papers submitted by Movants in support of their original motion do they even mention the 1990 Shareholders' Agreement. Indeed, their original memorandum focused exclusively on the 1995 Shareholders' Agreement. Accordingly, this Court's Opinion focused on the 1995 Agreement. Movants now assert that its complaint against Koplik arises out of the 1990 Shareholders' Agreement, whereas its Demand for Arbitration is based solely on the 1995 Agreement.

Movants are correct that this Court assumed in one sentence of its Opinion (Slip Op. at 20) that Count Four of the original complaint was based upon the 1995 Shareholders' Agreement rather than the 1990 Shareholders' Agreement.[1] In fact, Koplik himself made this same assumption. *See* Koplik's Mem. in Opp'n to Motion to Dismiss at 17 and Affidavit of James Koplik dated Aug. 12, 1998 at ¶ 3. Upon a closer reading of the Complaint, however, it does appear that Count Four of the Complaint refers to a breach of the 1990 Shareholders' Agreement rather than the 1995 Agreement.[2] Nevertheless, to the extent that the Court and Koplik were incorrect in this assumption, that forms no basis for requiring Koplik to submit Counts Six, Seven, and Nine of his Counterclaim to arbitration.

■ Metropolitan complains that it is now in the unusual position of pursuing its claim against Koplik for breach of the 1995 Shareholders' Agreement through arbitration, but defending in federal court a claim (Count Nine) against it arising out of this same agreement. That may be so, but that does not change the fact that Metropolitan was not a party to the arbitration provision in the 1995 Agreement. Moreover, Koplik had already filed his Counterclaim against Metropolitan at the point that Metropolitan chose to join in the Demand for Arbitration filed by Scher and Ogden. Finally, this Court found that the matters asserted against Metropoli-

---

1. The Court stated:

> In this case, Metropolitan obviously will not hinder the arbitration, since, although it is not a party to the arbitration clause, it has joined in the demand for arbitration filed on June 15, 1998. However, we are faced with the unusual situation of the moving party's seeking a stay of certain of the counterclaims against it, yet apparently wishing to continue to pursue its own claim against Koplik for breach of the Shareholders' Agreement (Count Four of the Complaint), which is the very matter on which the demand for arbitration was filed. Additionally, there are numerous other counts in

the Complaint and Counterclaim involving Koplik and Metropolitan that are not related to the Shareholders' Agreement that will have to be litigated.

2. The 1995 Shareholders' Agreement specifically provides that the earlier 1990 Agreement is "terminated in its entirety." (1995 Shareholders' Agreement at ¶ XX). In the Complaint, Metropolitan refers to a number of acts of Koplik occurring after the execution of the 1995 Agreement. Presumably, these will not be relied upon in Count Four.

tan in the Counterclaim—whether Metropolitan breached the 1995 Shareholders' Agreement by refusing to allow Koplik to inspect the corporate books and records—and the matters involved in the arbitration—whether Koplik breached the non-compete agreement—were sufficiently unrelated that a stay was not warranted. Nothing asserted in the motion for reconsideration changes our conclusion in that regard.

As to Counts Six and Seven against Scher for fraud and breach of fiduciary duty, the motion for reconsideration simply rehashes the same arguments originally made by Movants and rejected by this Court. These counts relate to a transfer of stock alleged induced by a series of fraudulent misrepresentations and omissions by Scher, leading up to the execution of a Letter Agreement. All of these events occurred prior to the 1995 Shareholders' Agreement, and Koplik's claims would exist even if there had never been a Shareholders' Agreement. We agree with Movants that there may be circumstances when events transpiring prior to the execution of an arbitration agreement will be subject to that agreement. In this case, if the Letter Agreement had contained an arbitration requirement, we might find that the these claims were subject to arbitration. However, we do not find that these claims "touched upon" or "related to" the subsequent Shareholders' Agreement governing the management and operation of the Company from that point forward. Therefore, we adhere to our earlier decision that these claims are not subject to the arbitration clause in the 1995 Shareholders' Agreement.

Therefore, the Motion for Reconsideration [**Doc. # 30**] is GRANTED. After thorough reconsideration, the Court ADHERES to its earlier decision denying the Motion to Stay Counts Six, Seven, and Nine.

SO ORDERED.