Dennis **PHILBRICK**

v.

**UNIVERSITY OF CONNECTICUT.**

No. 3;98CV1706(AHN).

United States District Court, D. Connecticut.

May 24, 1999.

· Joseph D. Farrell, Marlborough, CT, for plaintiff.

Paul Mark Shapiro, Storrs, CT, Paul S. McCarthy, Attorney General's Office, University of Connecticut, Storrs, CT, for defendant.

*RULING ON MOTION FOR RECON- SIDERATION AND MOTION TO AMEND THE COMPLAINT AND MODIFY BRIEFING SCHEDULE*

NEVAS, District Judge.

The plaintiff, Dennis Philbrick ("Philbrick"), brings this action against the defendant, the University of Connecticut ("UConn"), alleging violation of the Family Medical Leave Act, 29 U.S.C. §§ 2601–54 ("FMLA"), breach of the covenant of good faith and fair dealing, and defamation of character, slander and libel.

On May 3, 1999, the Court granted UConn's motion to dismiss this action. Now pending before the Court is Philbrick's motion for reconsideration of that dismissal and a stipulated motion to amend the complaint and modify the briefing schedule. For the reasons that follow, the Motion for Reconsideration [doc. # 19] is GRANTED and the Motion to Amend the Complaint and Modify the Briefing Schedule [doc. # 18] is GRANTED IN PART and DENIED IN PART.

*STANDARD*

The standard for granting a motion for reconsideration is strict. *See*

*Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir.1995). Such a motion generally will be denied unless the "moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.* Thus, "the function of a motion for reconsideration is to present the court with an opportunity to correct 'manifest errors of law or fact or to consider newly discovered evidence[.']" *LoSacco v. City of Middletown,* 822 F.Supp. 870, 876–77 (D.Conn.1993) (quoting *Rothwell Cotton Co. v. Rosenthal & Co.,* 827 F.2d 246, 251 (7th Cir.1987)), *aff'd,* 33 F.3d 50 (2d Cir. 1994). "[A] motion for reconsideration may not be used to plug gaps in an original argument or to argue in the alternative once a decision has been made." *Horsehead Resource Dev. Co., Inc. v. B.U.S. Envtl. Serv., Inc.,* 928 F.Supp. 287, 289 (S.D.N.Y.1996) (internal citations and quotations omitted).

*FACTS*

The Court accepts the following facts as true for the purposes of this motion.

In December 1996, Philbrick informed UConn, his employer at the time, that he was suffering from stress due to having to contend with both the demands of his job and the necessity of caring for his mother who had Alzheimer's Disease. (*See* Compl. ¶ 6.) He was absent from work on many occasions, sometimes without preapproval, due to his need to care for his mother. (*See id.*) These absences continued into and throughout most of 1997. (*See id.* ¶ 7.) Eventually, UConn terminated Philbrick due to his excessive absenteeism. (*See id.* ¶ 10.)

Philbrick alleges that his termination violates the FMLA because UConn had been notified of his need for the absences. (*See id.* ¶ 11.) In addition, he claims that UConn breached its covenant of good faith and fair dealing by refusing to respond to his proper notice and request for FMLA

leave. (*See id.* ¶¶ 14–15.) Lastly, he alleges that UConn defamed his character when it appended his personnel file to state that he was involuntarily terminated and could not seek future employment with UConn or any other Connecticut state agency. (*See id.* ¶ 18.)

## DISCUSSION

This Court granted UConn's motion to dismiss on May 3, 1999. Philbrick now moves for reconsideration of that decision on the grounds that persuasive authority exists that could not be identified prior to this Court's ruling and that due to a lack of clarity in his opposition the Court misconstrued his argument against UConn's motion. Philbrick also argues that his failure to oppose UConn's motion to dismiss his state law claims was inadvertent.

■ While the Court has no doubt that its original disposition of this matter was correct given the circumstances then present, the Court believes that it is in the interests of justice that the motion for reconsideration be granted. Prior to this Court's ruling that Philbrick's FMLA claim should be dismissed, Judge Droney ruled that Congress had effectively abrogated states' Eleventh Amendment immunity when it enacted the FMLA. *See Serafin v. State of Conn.*, 3:98cv398, slip op. at 6 (D.Conn. Mar. 10, 1999). Judge Droney's decision was not reported until after this Court's ruling on the motion to dismiss. Contrary to Philbrick's assertion, this Court's ruling does not conflict with Judge Droney's decision. Philbrick's action was dismissed because the Court found that the State of Connecticut had not waived sovereign immunity and that Philbrick failed to properly respond to UConn's abrogation argument as required by D. Conn. L. Civ. R. 9(a). *See Philbrick v. University of Conn.*, 3:98cv1706, slip op. at 5 (D.Conn. May 3, 1999) ("In the absence of appropriate pleadings from Philbrick, the Court declines to entertain the complex and important issues that UConn's abrogation argument raises.")

Philbrick also argues that the Court misunderstood his opposition based on waiver. He claims that he did not primarily contend that the State of Connecticut waived sovereign immunity, but that the State "waived the *defense* that FMLA is insufficient to constitute abrogation of Eleventh Amendment immunity." (Mem. Law Supp. Mot. Recons. Ruling Mot. Dismiss at 7.) After careful review of Philbrick's opposition, the Court questions whether this argument was made. Certainly, the argument was never clearly set forth. Further, Philbrick claims that his response to UConn's motion to dismiss his state law counts was inadvertently omitted from his opposition. While the Court does not believe the proffered explanation justifies the failure to submit an appropriate opposition, UConn's reply never requested that the Court grant their motion on the procedural ground upon which the Court relied.

■ The Court's decision today reflects its recognition that the legal rights of litigants should not be impaired due to ineffectual lawyering. The Court's initial ruling was based primarily on procedural errors over which Philbrick himself had no control. This action raises new and complex issues of law that require substantial attention and thought. Plaintiff's counsel is admonished that all arguments, including any and all alternative arguments, should be clearly presented in any pleading. As indicated by this Court's earlier ruling, failure to respond completely and/or to argue in the alternative against an opposing party's motion can have dire consequences for the respondent. *See* D. Conn. L. Civ. R. 9(a). Such neglectful actions are simply unacceptable when a client's interests are at stake. As noted by the Rules of Professional Conduct: "Competent handling of a particular legal matter includes inquiry into and analysis of the factual and legal elements of the problem, and use of methods and procedures meeting the standards of competence." *See Model*

*Rules of Professional Conduct* Rule 1.1 cmt. (1998). In this regard, the value of thorough understanding and compliance with the Local Rules cannot be understated.

The Court expects that the caliber of lawyering in this action will demonstrate dramatic improvement following this ruling. Counsel's client deserves, as all clients do, counsel's best efforts, and the Court will not be sympathetic to future carelessness.

### CONCLUSION

For the reasons stated above, Philbrick's Motion for Reconsideration [doc. # 19] is GRANTED. The Clerk is directed to RE-OPEN this case. The Court's May 3, 1999 ruling [doc. # 16] is hereby VACATED. The Stipulated Motion to Amend the Complaint [doc. # 18–1] is GRANTED. The Stipulated Motion to Modify the Briefing Schedule [doc. # 18–2] is DENIED. UConn's Motion to Dismiss [doc. # 7] is DENIED WITHOUT PREJUDICE TO REFILING. The parties shall comply with the normal briefing schedule if the motion to dismiss is refiled.