**BRISTOL TECHNOLOGY, INC., Plaintiff,**

v.

**MICROSOFT CORPORATION, Defendant.**

**No. CIV.A. 3:98–CV–1657.**

United States District Court, D. Connecticut.

Nov. 2, 2000.

Patrick Lynch, O'Melveny & Myers, Los Angeles, CA, John L. Altieri, Jr., Annette Poblete, Achilles M. Perry, O'Melveny & Myers, New York City, Mladen D. Kresic, Kresic & Corleto, Ridgefield, Ct, Anthony L. Clapes, Technology Law Network, Honolulu, HI, for Bristol Tech. Inc.

David B. Tulchin, Michael T. Tomaino, Jr., Marc De Leeuw, Elizabeth P. Martin, Brian T. Frawley, John J. Sullivan, Sullivan & Cromwell, New York City, James Sicilian, Day, Berry & Howard, Hartford, CT, Steven J. Aeschbacher, Microsoft Corp., Redmond, WA, Steven W. Thomas,

Sullivan & Cromwell, Los Angeles, CA, for Microsoft Corp.

Rachel Olivia Davis, Steven Mark Rutstein, Attorney General's Office, Hartford, CT, Mark F. Kohler, Attorney General's Office, Hartford, CT, for State of Conn.

## RULING ON MOTION FOR RECONSIDERATION
### [DKT. NO. 481]

HALL, District Judge.

On August 31, 2000, the court issued a ruling on motions for a permanent injunction [Dkt. No. 431] and for an award of punitive damages [Dkt. No. 433]. *See Bristol Technology, Inc. v. Microsoft Corp.*, 114 F.Supp.2d 59 (D.Conn.2000).[1] In that Ruling, the court ordered, *inter alia,* that, upon entry of judgment in this action, Microsoft will be permanently enjoined in accordance with an order providing:

1. It is hereby ORDERED that Microsoft, its directors, officers, agents and employees, are enjoined from publishing, distributing or circulating the "WISE Mission Statement" (PX 1), and the portions thereof concerning "Confidence," "Compatibility" or "Consistency" in any format (*e.g.,* the MSDN or Visual C++), or from making any statement that states, represents or implies: a) that it has licensed under the WISE Program all of the source code of one or more of its current Windows NT or 2000 operating systems; b) that it has licensed use under the WISE Program of its source code to create a cross-platform product for server use; or c) that it intends to do either a) or b) (unless it decides to and takes steps to do so); and,

2. It is further ORDERED that any description of the WISE Program (whether so-called or renamed) by Microsoft, its directors, officers, agents and employees disclose: a) that the current licenses cover only a limited subset of source code for Windows NT 5 (including as renamed Windows 2000); b) that the current licenses do not include a license for server use; and c) that no assurance can be given that Microsoft will in the future license (i) source code to subsequent operating systems or (ii) future product or version releases of the current operating systems that will support any currently licensed technologies.

*Id.,* at 98–99. Microsoft now moves for reconsideration of the requirement that it include in any further descriptions of the WISE Program the statement called for in paragraph 2(b) above, "that the current licenses do not include a license for server use." Dkt. No. 481 at 1–2. For the reasons stated herein, Microsoft's Motion for Reconsideration [Dkt. No. 481] is GRANTED.

 The Second Circuit has held that "[t]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). Moreover, "[a] motion for reconsideration should not serve as a vehicle for relitigating issues already decided," *Metropolitan Entertainment Co. v. Koplik,* 25 F.Supp.2d 367, 368 (D.Conn.1998) (citations omitted), nor may such a motion "be used to plug gaps in an original argument or to argue in the alternative once a decision has been made." *Philbrick v. Univ. of Conn.,* 51 F.Supp.2d 164, 165 (D.Conn.1999) (quoting *Horsehead Res. Dev. Co. v. B.U.S. Envtl. Services, Inc.,* 928 F.Supp. 287, 289 (S.D.N.Y.1996)). Thus, the movant must demonstrate that newly discovered facts exist that require reconsideration, that there has been an intervening change in the law, or that the court has overlooked and thus failed to

---

1. The court assumes familiarity with that Ruling for purposes of the instant ruling.

consider an aspect of the law presented by the defendant which, if left unredressed, would result in clear error or cause manifest injustice. *Metropolitan Entertainment Co.*, 25 F.Supp.2d at 368 (citing *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992)).

■ Microsoft argues that requiring that " 'any description of the WISE Program' must include a statement 'that the current licenses do not include a license for server use' ... would require Microsoft to make a statement that is untrue." Microsoft's Memo. in Support of its Motion for Reconsideration (Dkt. No. 482) at 1. This is because, Microsoft argues, "[t]here is no restriction anywhere in the 1998 MainSoft WISE agreement or the 1999 Bristol WISE agreement ... prohibiting the use of the licensed code on servers or in products that are used on servers." *Id.* Bristol responds that, "[t]aking the other license terms literally and ignoring both context and the omissions from the list of included technologies, this may be true." Bristol's Response to Microsoft's Motion for Reconsideration (Dkt. No. 483) at 1.

The court's Ruling on injunctive relief made clear that "[t]he 1998 MainSoft and 1999 Bristol WISE agreements do not state outright that the NT 4 and NT 5 server technologies will not be provided under the agreements, but simply do not include the source code necessary for porting NT 4 and NT 5 server technologies." *Bristol Technology*, 114 F.Supp.2d 59, 74. Elsewhere the court observed that, "[b]y October 1997, Microsoft had decided to restrict the NT 4.x source code provided to MainSoft under a new WISE Agreement to a limited subset that would not include much of the server technologies." *Id.*, at 73. The court further found that "by at least the summer of 1997, it was clear that Microsoft would neither continue to provide WISE contractors with all of the latest NT source code nor enter into new WISE contracts that provided all of the code, including the NT 4 and NT 5 server technologies." *Id.*, at 81. Specifically in

ruling upon Bristol's motion for injunctive relief, the court held that it "accepts the jury's finding that Microsoft engaged in a deceptive act or practice and finds that it did so some time after the institution of the WISE Program, when it determined not to license all source code for NT 5 and not to license WISE for server use." *Id.*, at 97.

However, as Microsoft asserts, "the absence of certain licensed 'server technologies' does not mean that the MainSoft and Bristol agreements 'do not include a license for server use.' " Microsoft's Memo. in Support of its Motion for Reconsideration (Dkt. No. 482) at 3. The technologies excluded by Microsoft in its license, however, make many server uses difficult, if not impossible, for its licensees to port.

Accordingly, the court will adjust the language of the ordered permanent injunction to enter in this case to the following language to more accurately reflect its original findings:

1. It is hereby ORDERED that Microsoft, its directors, officers, agents and employees, are enjoined from publishing, distributing or circulating the "WISE Mission Statement" (PX 1), and the portions thereof concerning "Confidence," "Compatibility" or "Consistency" in any format (*e.g.*, the MSDN or Visual C++), or from making any statement that states, represents or implies: a) that it has licensed under the WISE Program all of the source code of one or more of its current Windows NT or 2000 operating systems; b) that it has licensed use under the WISE Program of its source code to create a cross-platform product for server use; or c) that it intends to do either a) or b) (unless it decides to and takes steps to do so); and,

2. It is further ORDERED that any description of the WISE Program (whether so-called or renamed) by Microsoft, its directors, officers, agents and employees disclose: a) that the current licenses cover only a limited subset of

source code for Windows NT 5 (including as renamed Windows 2000); b) that the source code under the WISE program does not include all of the Windows NT 4 and NT 5 technologies likely to be required by many server applications and that a complete list of the technologies covered by the current WISE licenses will be provided upon request; and c) that no assurance can be given that Microsoft will in the future license (i) source code to subsequent operating systems or (ii) future product or version releases of the current operating systems that will support any currently licensed technologies.

For the reasons discussed above, the court finds it appropriate to modify the language of the permanent injunction ordered in the court's Ruling on Bristol Technology's Motion for Punitive Damages and Motion for Permanent Injunction [Dkt. No. 477], reported at *Bristol Technology, Inc. v. Microsoft Corp.*, 114 F.Supp.2d 59 (D.Conn.2000). Accordingly, the court grants Microsoft's Motion for Reconsideration [Dkt. No. 481], and the judgment in this case will include the above-clarified order of injunctive relief.

SO ORDERED.