**BANK OF HAWAII, Plaintiff,**

**v.**

**SAMIU E. SALA, Deceased, and GERTRUDE I. SALA, Defendants.**

---

**DEVELOPMENT BANK OF AMERICAN SAMOA, Intervenor.**

High Court of American Samoa
Trial Division

CA No. 95-03

September 15, 2005

Before RICHMOND, Associate Justice; LOGAI, Chief Associate Judge; and SAGAPOLUTELE, Associate Judge.

Counsel: For Plaintiff, David P. Vargas
For Defendants, Marie A. Ala'ilima

ORDER DENYING MOTION TO SET ASIDE DEFAULT JUDGMENT AND GRANTING MOTION TO APPOINT PERSONAL REPRESENTATIVE

### Introduction

On November 6, 2003, Plaintiff Bank of Hawaii ("BOH") filed a complaint against Defendants Samiu E. Sala ("Samiu"), deceased, and Gertrude I. Sala ("Gertrude") (collectively, "Defendants"). On November 12, 2003, BOH filed an amended complaint. The complaint alleges that Defendants are in breach of a promissory note for failure to pay amounts due under a $103,268.00 loan received from BOH. As a result of Defendants' alleged default in loan repayments, the complaint further seeks to foreclose on property subject to a mortgage given as security for the loan.

On June 1, 2004, Gertrude filed an acknowledgement of service, admission, and waiver of appearance ("AAW"), by which she acknowledged that Defendants signed a promissory note in the principal amount of $103,268.00, plus interest, promising to pay BOH's loan to them, that Defendants defaulted in payment of the note, and that she does "not desire to appear or dispute this matter."

On June 1, 2004, BOH requested an entry of default. On June 2, 2004, the clerk of the court entered default against Defendants. On June 28, 2004, Intervenor Development Bank of American Samoa ("DBAS") moved to be allowed to intervene. On July 26, 2004, DBAS filed its complaint in intervention, and the Court granted DBAS's motion to intervene. On February 7, 2005, BOH moved for default judgment.[1] On April 7, 2005, nearly 10 months after Gertrude's appearance, she moved to set aside the clerk's default. On May 24, 2005, this Court issued an order denying Gertrude's motion to set aside entry of default and granting BOH's motion for default judgment against Gertrude. On June 17, 2005, this Court ordered a default judgment (the "Default Judgment") in favor of BOH and against Gertrude in the total amount of $129,644.80, plus additional reasonable attorney's fees and costs from January 31, 2005 to June 17, 2005, and post-judgment interest at the rate of 6% per annum.

Gertrude now brings a motion to set aside the Default Judgment (the "Default Motion"), arguing that it was both improperly entered and incomplete in its scope.

Additionally, on June 10, 2005, BOH filed a motion for appointment of a personal representative (the "Appointment Motion") for the deceased defendant, Samiu. Because BOH seeks to foreclose Samui's mortgaged real property, BOH asks that Gertrude be appointed the personal representative for Samiu. The Appointment hearing took place on July 6, 2005, but the Court kept the matter under advisement until the August 15, 2005 hearing on the Default Motion was concluded.

Having conducted hearings on these issues and considered the parties' submissions, we deny the Default Motion and grant the Appointment Motion.

---

[1] The motion sought a default judgment against both Samiu and Gertrude, but BOH subsequently acknowledged that in the present status of this action, a default judgment could only be entered against Gertrude on the promissory note. Samiu is deceased. Samiu's or his estate's representative is properly a party to this action.

## Discussion

### I. Motion to Set Aside Default Judgment

 T.C.R.C.P. 55(c) provides in relevant part that the Court may set aside an entered default judgment in accordance with T.C.R.C.P 60(b). Thus, in deciding whether to set aside a default judgment, this Court is guided by T.C.R.C.P. 60(b). Rule 60(b) allows courts to "relieve a party from a final judgment, order or proceeding" in appropriate cases. The rule enumerates specific grounds that parties may invoke when seeking reconsideration: (1) mistake, inadvertence, surprise, or excusable neglect, *see Pioneer Inv. Services Co. v. Brunswick Assoc.,* 507 U.S. 380, 393 (1993); (2) newly discovered evidence, *see Sakraida v. AgPro, Inc.,* 425 U.S. 273, 274 (1976); (3) fraud, misrepresentation, or other misconduct of an adverse party, *see Ty Inc. v. Softbelly's Inc.,* 2003 WL 22994564, *7 (7th Cir. 2003); (4) a void judgment, *see U.S. v. Mercedes-Benz 200 Model S400,* 2003 WL 22977488, *1 (7th Cir. 2003); (5) a satisfied judgment, *see Agostini v. Felton,* 521 U.S. 203, 203 (1997); or (6) any other reason justifying relief from the operation of the judgment, *see Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 378 (1994).

 The standard for granting a motion for reconsideration is strict. *See Shrader v. CSX Transp. Inc.,* 70 F.3d 255, 257 (2d Cir. 1995). "Such a motion generally will be denied unless the moving party can point to controlling decisions or data that the court overlooked--matter, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.* A "motion for reconsideration may not be used to plug gaps in an original argument or to argue in the alternative once a decision has been made." *Horsehead Resource Dev. Co., Inc., v. B.U.S. Envtl. Serv., Inc.,* 928 F. Supp. 287, 289 (S.D.N.Y. 1996) (internal quotations and citations omitted). Furthermore, a "motion for reconsideration should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader,* 70 F.3d at 257.

Here, Gertrude offers two principle arguments in support of setting aside the default judgment. First, though not stated explicitly, Gertrude suggests that when executing the AAW, she believed she was only liable to the extent of the mortgaged property's value, and thus the AAW, as well as the Default Judgment, should be set aside. Second, she argues that the Default Judgment was improper because a necessary party, the administrator of Samiu's estate, was not joined to the proceedings. Gertrude maintains that there is a genuine issue as to how much each of the Defendants are liable for on the note, and without joinder she may incur obligations not consistent with the power of attorney given by her to Samiu.

With respect to Gertrude's first argument, we reject the notion that the Default Judgment was improper because she executed the AAW without understanding its implications. While the Court is sympathetic to any misunderstanding Gertrude may have had regarding the AAW, the Court also recognizes that she made a voluntary, deliberate and free choice to execute the AAW. Moreover, Gertrude has not shown how her alleged ignorance of the AAW's meaning and effect qualifies as T.C.R.C.P. 60(b) grounds for setting aside the Default Judgment.

With respect to Gertrude's second argument, we decline her request to relitigate the issue of her personal liability to BOH. Regardless of whether or not the estate administrator's presence in the proceedings would have altered Gertrude's personal liability, Gertrude does not illustrate how the failure to join the administrator constitutes sufficient grounds for setting aside the Default Judgment under T.C.R.C.P. 60(b).

■ Even the T.C.R.C.P. 60(b)(6) "catch-all" provision, which gives the Court power to vacate judgments and orders whenever doing so is appropriate to accomplish justice, *Klapprott v. United States*, 335 U.S. 601, 614-15 (1949), is inapplicable. The "catch-all" provision is of little aid to Gertrude, as its use is limited to "extraordinary circumstances." *See Ackermann v. United States*, 340 U.S. 193, 199 (1950).

Clearly, Gertrude's situation is not one of "extraordinary circumstances." Again, she was never deprived of a reasonable opportunity to join an administrator of the estate prior to the Default Judgment, and she has not demonstrated how the administrator's presence would alter her personal liability. Instead, Gertrude attempts to relitigate an issue already determined in the ordered Default Judgment.

## II. Motion for Appointment of Personal Representative

Where an action is brought against a deceased defendant, A.S.C.A. § 43.5002 allows for the appointment of a representative to act in the deceased party's place.

BOH asks the Court to appoint Gertrude, spouse of the deceased Samiu, as the personal representative for Samiu. BOH seeks to foreclose the mortgage on Samiu's property, making a personal representative for Samiu a necessary party to the action. BOH argues that Gertrude is an appropriate person to be named Samiu's representative for purposes of foreclosing on Samiu's property. We agree. The proceeds of any foreclosure sale would operate to reduce Gertrude's liability to BOH, and thus appointing her as personal representative for Samiu would be in her benefit.

## Order

1. Gertrude's motion to set aside the ordered default judgment is denied.

2. BOH's motion for appointment of personal representative for Samiu is granted. Gertrude is appointed as Samiu's personal representative.

It is so ordered.